PER CURIAM:
Claimant brought this action for vehicle damage which occurred when her 2005 Chevrolet Cavalier struck holes while she was traveling on County Route 14 in Braxton County. County Route 14 is a road maintained by respondent. The Court is of the opinion to make an award in this claim for the reasons more fully stated below.
The incident giving rise to this claim occurred on April 15,2007. County Route 14 is one-lane gravel road at the area of the incident involved in this claim. Claimant testified that she was driving on County Route 14 when her vehicle struck a hole in the road which she could not avoid. She stated that she had seen the hole previously but had to try to avoid other holes that were on the road. Ms. McCoy testified that she had called respondent numerous times prior to her incident regarding the holes on County Route 14. Claimant’s vehicle struck a hole sustaining damage to the oil pan totaling $408.33.
The position of the respondent is that it did not have actual or constructive notice of the condition on County Route 14 at the site of the claimant’s accident for the date in question. Gary Moore, Assistant Supervisor for respondent in Braxton County, stated that his office had received complaints about holes along County Route 14. He further stated that this is an ongoing problem due to water and a rock cliff that is adj acent to the road in this area.
*44 The well-established principle of law in West Virginia is that the State is neither an insurer nor a guarantor of the safety of travelers upon its roads. Adkins vs. Sims, 130 W.Va. 645; 46 S.E.2d 81 (1947). In order to hold respondent liable for road defects of this type, a claimant must prove that respondent had actual or constructive notice of the defect and a reasonable time to take corrective action. Chapman vs. Dept. of Highways, 16 Ct. Cl. 103 (1986).
In the instant case, the Court is of the opinion that respondent had at least constructive notice of the hole which claimant’s vehicle struck and that the hole presented a hazard to the traveling public. Photographs in evidence depict the hole and provide the Court an accurate portrayal of the size and location of the hole on County Route 14. The size of the hole and the time of the year in which claimant’s incident occurred leads the Court to conclude that respondent had notice of this hazardous condition and respondent had an adequate amount of time to take corrective action. Thus, the Court finds respondent negligent and claimant may make a recovery for the damage to her vehicle.
In accordance with the findings of fact and conclusions of law stated herein above, the Court is of the opinion to and does make an award to the claimant in this claim in the amount of $408.33.
Award of $408.33.